**Marvin J. HADDOCK,
Plaintiff-Appellant,**

v.

**LUMMUS COTTON GIN COMPANY,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Division.

June 2, 1976.

Certiorari Denied by Supreme Court
Nov. 29, 1976.

Sidney W. Spragins, Spragins & Murchison, Jackson, for plaintiff-appellant.

James D. Causey, Memphis, Ralph Lawson, Dyersburg, for defendant-appellee.

CARNEY, Presiding Judge.

The Plaintiff below, Marvin J. Haddock, was severely injured on November 12, 1973, while employed at Dyersburg Fabrics, Inc. in Dyersburg, Tennessee, in its dye room. The Plaintiff received severe injuries to his head and arm when he was caught in a bale press manufactured and sold by Defendant Lummus Cotton Gin Company.

The jury returned a verdict in favor of the Defendant, Lummus Cotton Gin Company. Plaintiff's only assignment of error insists that a portion of His Honor's charge to the jury relating to negligence and assumption of risk was erroneous.

The case was tried exclusively on the theory of strict liability in tort though Plaintiff had included negligence and breach of warranty in his complaint.

After His Honor the Trial Judge had completed his charge, including the part assigned as error, but before the jury was given the case, the attorney for Plaintiff, out of the presence of the jury, stated to the Trial Judge that his charge had contained instructions which related to a claim based on negligence. We quote the colloquy:

"The Plaintiff does not object to the instructions as given. We don't think it prejudices the Plaintiff's case. However, if the Defendant feels that the instructions are prejudicial to the Defendant's case, we think an objection should be made at this time so Your Honor can correct that by a proper statement to the Jury.

.    .    .    .    .

"MR. SPRAGINS: The Plaintiff previously abandoned reliance upon the theory of negligence. We move that the pleadings and theory of the Plaintiff at this time be amended to conform to the evidence in the case and to include the theory of negligence in the sense that Your Honor has described it.

THE COURT: Do you want to be heard on it? I will let you amend it. I'm not going to change the charge.

MR. SPRAGINS: I have no objection to the charge. It does not conform to the Plaintiff's theory. Our motion is that our theory and the pleadings be changed to conform to that."

The cause of the Plaintiff's injuries was in sharp dispute. The heavy ram plat of the hydraulically operated bale press had dropped from its topmost position about 19 inches. The droppage is called "drifting." Plaintiff was reaching up over the ram plate cleaning and removing lint from the inside of the press with a vacuum hose. While the Plaintiff had his head and right arm in the opening between the ram plate and the upper housing, the ram plate suddenly activated and raised injuring the Plaintiff's skull and severely injuring his right arm. It was some twenty minutes before he could be extricated from the press.

Plaintiff contended that the ram plate suddenly retracted and raised because of an inherent and concealed defect in the electrical circuit of the drill press; that Plaintiff had no knowledge of this characteristic in the design of the press and there had been no warning given him by the Defendant or his employer, Dyersburg Fabrics, Inc., that the ram plate was likely to raise without warning under certain given conditions.

Defendant contended: (1) The ram plate would not have drifted downward it if had been properly maintained; (2) the ram plate could not have raised and all danger from cleaning the press box would have been eliminated if any one of three safety switches had been turned off; (3) that the cause of Plaintiff's injuries was the failure of his employer, Dyersburg Fabrics, to instruct Plaintiff as to proper maintenance of the press; (4) that the Plaintiff was guilty of proximate contributory negligence in cleaning the press box with the current on; (5) that the ram shaft raised and crushed Plaintiff as a result of Plaintiff having

actuated an electrical switch when he pulled a vacuum hose over the switch.

Tennessee Rules of Civil Procedure 51.02 provides as follows:

"51.02.   Objection:   Failure to Object

After the judge has instructed the jury, the parties shall be given opportunity to object, out of hearing of the jury, to the content of an instruction given or to failure to give a requested instruction, but failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial."

Admittedly, if Plaintiff had made no comment on the portion of the charge complained of on this appeal, under 51.02 he could assign error to any portion of the charge in this Court.   However, since the Plaintiff took affirmative action by asking for permission to amend his theory of the case to conform to the charge of the Court and approved the charge, we hold that Plaintiff's assignment of error in this Court is not authorized by T.R.C.P. 51.02.

The situation is analogous to a party assigning error to a charge which he had requested.   After the jury's verdict, it was too late to question the correctness of the charge.

It is, therefore, unnecessary to discuss the cases cited and relied upon by Appellant relating to the correctness of the charge complained of.

The assignment of error is respectfully overruled.   The judgment of the lower Court is affirmed.   The costs of this appeal are taxed to the Plaintiff-Appellant.